IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MATTHEW WARE, § | |
| Tarrant County Jail No. 0647148, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00600-O-BP |
| § | |
| WENDYS, *et al.*, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* plaintiff Matthew Ware filed this suit on July 15, 2022, against Defendant Tarrant County and a number of other defendants. ECF No. 1. At that time, he was housed at the Tarrant County Jail and listed his address there. *Id*. The clerk of court issued standard Instruction to a Prisoner *Pro Se* Plaintiff that warned Ware: "2. Address Change – You must notify the Court if your address changes, or you case may be dismissed. Promptly file a written change of address notice in your case." ECF No. 4.

It later came to the Court's attention that Ware had been released from the jail's custody. ECF No. 21. To verify Ware's current address, the Court on March 8, 2023, ordered Ware to file a change of address if he no longer was incarcerated at the Tarrant County Jail. ECF No. 23. On the same day, the Court also entered an order reminding him to respond to the Defendant's Motion to Dismiss. ECF No. 24. On March 21, 2023, both orders were returned as undeliverable, with a notation from the Tarrant County Jail that Ware no longer was incarcerated there. ECF No. 26. A review of on-line records of the inmates at Tarrant County Jail on this date confirms that Ware is no longer being held at the jail.

Since Ware has not provided the Court with an updated address despite being ordered to do so, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **dismiss** this case **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes. *Lewis v. Hardy*, 248 F. App'x 589, 593 (5th Cir. 2007). However, because Ware has not updated his address, the litigation cannot proceed as the Court has no means to communicate with him. *Turner v. Texas*, No. 3:20-cv-1669-X-BT, 2020 WL 6747387, at *1 (N.D. Tex. 2020), *rec. adopted*, 2020 WL 6741653 (N.D. Tex. 2020). Thus, by failing to provide the Court with a current address, Ware has failed to prosecute this case, and Judge O'Connor should **dismiss** his complaint **without prejudice**. *Id.*

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error

or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on March 23, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE